# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| Angel Mario Rosas-Martinez | ) | 2:25-MJ-261 |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 14, 2025 in the county of Jasper in the Northern District of Indiana, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8 U.S.C. § 1326(a) & (b)(1) | Reentry of Removed Alien |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

SA Jason Hines, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P 4.1 by email transmission and telephonic confirmation.

Date: 11/14/2025

s/Abizer Zanzi
*Judge's signature*

City and state: Hammond, IN

Hon. Abizer Zanzi, U.S. Magistrate Judge
*Printed name and title*

Case No. 2:25-MJ-261

# **AFFIDAVIT**

I, JASON HINES, being duly sworn, state as follows:

1. I am a Special Agent with Homeland Security Investigations ("HSI") and have been so employed for approximately sixteen years. I work in conjunction with other law enforcement agencies in reviewing cases involving aliens who are charged with or convicted of criminal offenses. I have received training concerning immigration-related laws, policies, and procedures, including those related to the reentry of previously deported aliens.

2. This affidavit is submitted in support of a criminal complaint alleging that ANGEL MARIO ROSAS-MARTINEZ has violated Title 8, United States Code, Section 1326(a) and (b)(1), Reentry of Removed Alien, by being present and found in the United States after having been deported or removed to Mexico following a conviction for a felony. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging ROSAS-MARTINEZ with Reentry of Removed Alien, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that ROSAS-MARTINEZ committed the offense stated in the complaint.

3. This affidavit is based on my personal knowledge; information provided to me by other law enforcement agents and officers and by other

1

Case No. 2:25-MJ-261

persons identified in this affidavit; and my review of records maintained by U.S. Immigration and Customs Enforcement ("ICE"), other components of the Department of Homeland Security ("DHS"), and other government agencies.

4.  In May 2025, while conducting a fugitive investigation in conjunction with the Jasper County (Indiana) Sheriff's Office (JCSO) involving an associate of ROSAS-MARTINEZ, I learned of ROSAS-MARTINEZ's presence in the United States. Specifically, JCSO detectives informed me they encountered ROSAS-MARTINEZ on or about May 30, 2025, during a traffic stop in Jasper County, Indiana. JCSO detectives provided me with photographs of ROSAS-MARTINEZ's Mexican identification cards discovered during the traffic stop on May 30, 2025.



2

5. JCSO detectives also informed me ROSAS-MARTINEZ was driving a black Chevrolet pickup truck bearing Indiana registration TK358OPC. The truck had a registration address of 261 W 400 N, Rensselaer, Indiana. ROSAS-MARTINEZ was not arrested during the traffic stop.

6. Based on the information provided by JCSO detectives, I located records in DHS databases indicating ROSAS-MARTINEZ was previously removed to Mexico three times—in 2010, 2014, and 2015.

7. According to DHS records, ROSAS-MARTINEZ is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. DHS records reflect that ROSAS-MARTINEZ was born in Mexico in or around 1985 and originally entered the United States without inspection on an unknown date.

8. DHS records indicate ROSAS-MARTINEZ was arrested by U.S. Customs and Border Protection (CBP) officers on or about July 5, 2010, at or near Laredo, Texas, after attempting to enter the U.S. with a counterfeit permanent resident card. ROSAS-MARTINEZ was served a Notice and Order of Expedited Removal on or about July 5, 2010. On or about July 7, 2010, in the U.S. District Court for the Southern District of Texas, Laredo Division, ROSAS-MARTINEZ was sentenced to 15 days confinement for the offense of attempting to enter the United States illegally, in violation of Title 8, United States Code, Section 1325(a)(3). ROSAS-MARTINEZ was removed to

Mexico on or about July 19, 2010, via Laredo, Texas.

9.      DHS records also indicate ROSAS-MARTINEZ was arrested by U.S. Border Patrol agents on or about August 9, 2014, at or near Falfurrias, Texas, after entering the U.S. illegally. ROSAS-MARTINEZ was served a Notice of Intent/Decision to Reinstate Prior Order and removed to Mexico on or about August 10, 2014 via Hidalgo, Texas.

10.     DHS records further indicate ROSAS-MARTINEZ was arrested by U.S. Border Patrol agents on or about December 6, 2014, at or near Hidalgo, Texas, after entering the U.S. illegally. On or about December 8, 2014, in the U.S. District Court for the Southern District of Texas, McAllen Division, ROSAS-MARTINEZ was sentenced to 40 days imprisonment for the offense of knowingly and unlawfully entering the United States at a place other than as designated by immigration officers, in violation of Title 8, United States Code, Section 1325(a)(1). ROSAS-MARTINEZ was subsequently removed to Mexico on or about January 15, 2015 via Hidalgo, Texas.


*2015 removal photograph*

4

11.  DHS records reflect that ROSAS-MARTINEZ has not applied for or received permission to reenter the United States after his removal.

12.  Court records maintained by the Superior Court of California, County of Mendocino, indicate ROSAS-MARTINEZ was, on or about June 29, 2009, convicted for the felony offense of Stalking When Temporary Restraining Order in Effect (case number SCTM-CRCR-2009-89848-2). Court records further reflect that ROSAS-MARTINEZ was sentenced to 90 days jail and 36 months' probation.

13.  On November 14, 2025, I, along with other law enforcement officers, conducted surveillance near ROSAS-MARTINEZ's suspected residence located at 261 W 400 N, Rensselaer, Indiana. In the driveway, I observed a sedan and pickup truck in front of the residence. At approximately 5:35 a.m., I observed the sedan depart from the residence.

14.  I, along with other law enforcement officers, conducted an investigatory stop on the sedan on W 400 N in Rensselaer, Indiana. I confirmed the passenger matched ROSAS-MARTINEZ based on a review of photographs associated with ROSAS-MARTINEZ's prior removals in 2010, 2014, and 2015. ROSAS-MARTINEZ was also in possession of two Mexican identification cards, one of which is depicted above.



*November 14, 2025 arrest photograph*

15. I arrested ROSAS-MARTINEZ based on probable cause for violating Title 8, United States Code, Section 1326(a) and (b)(1), Reentry of Removed Alien.

16. I transported ROSAS-MARTINEZ to the Porter County Jail in Valparaiso, Indiana for further processing. During the transport, I advised ROSAS-MARTINEZ of his *Miranda* rights, in Spanish, via a pre-printed card. ROSAS-MARTINEZ indicated he understood his rights.

17. ROSAS-MARTINEZ admitted he was a native of Mexico, was previously removed from the United States on multiple occasions, and did not obtain permission to reenter the United States after his removals.

18. Fingerprints I collected from ROSAS-MARTINEZ during processing on November 14, 2025, matched a criminal history report associated with Federal Bureau of Investigation (FBI) Universal Control Number (UCN) ******DD8, commonly known as a "FBI Number." This criminal history report, which biometrically links arrests via fingerprints, indicates ROSAS-MARTINEZ was arrested by CBP in July 2010, August 2014, and

December 2014.

19.  Based upon the foregoing, I respectfully submit that there is probable cause to believe that ROSAS-MARTINEZ, being an alien who previously had been deported and removed from the United States on or about July 19, 2010, August 10, 2014, and January 15, 2015, was present and found in the United States without previously having obtained the express consent of the United States Attorney General, and at any time after February 28, 2003, the Secretary of the Department of Homeland Security, for reapplication by Defendant for admission into the United States, and having previously been convicted of a felony, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

FURTHER AFFIANT SAYETH NOT.

_____
JASON HINES
Special Agent
Homeland Security Investigations

Subscribed and sworn to me by telephone and transmission of this affidavit by reliable electronic means, to wit, email, pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this 14th day of November, 2025.

s/Abizer Zanzi
_____
HONORABLE ABIZER ZANZI
UNITED STATES MAGISTRATE JUDGE

7